## DOWNMAN v. FROW & FERGUSON.

1. Evidence of what was said in certain conversations between a defendant in execution and one who afterwards, during the same day, purchased a slave sold by the sheriff, is admissible, when the object is to show that the purchase was made on account of the defendant.

Writ of error to the Circuit Court of Dallas.

Claim of property in a slave levied on by an execution at the suit of Downman against one Tredwell, and claimed by Frow & Ferguson.

At the trial, the claimants, to make out their claim, proved that they held the slave as trustees of a deed executed by one Parkman; and to prove Parkman's title to the slave, they offered a witness, who swore, that before the lien of Downman's execution attached, the slave had been sold under execution as the property of Tredwell, and bought by Parkman, who paid the purchase money (some 700 dollars) in cash. The plaintiff then produced a witness, who swore that he was present at that sale; that some time before the sale, but on the same day, he was present at an interview between Parkman and Tredwell, in which a conversation was had between them in regard to the sale; that Tredwell handed over one hundred dollars to Parkman; that during the same day, at several interviews previous to the sale, Parkman and Treadwell spoke of a buggy and a gold watch, then in the possession of the latter; that a few days afterwards,

this buggy went into the possession of Parkman, and the watch was sold by Tredwell to another person. None of these conversations were had at the sale, but were held at different times before it took place. The proceeds of the slave then sold was applied in part satisfaction of an execution then in the sheriff's hands against Tredwell.

The plaintiff then offered to prove, by the same witness, what was said by Tredwell and Parkman in these conversations before the sale, but on the same day, for the purpose of showing that Parkman bought the slave for Tredwell; but the court refused to permit the examination or let in the evidence, and the plaintiff excepted. This is now assigned as error.

G. W. GAYLE, for the plaintiff in error, insisted that the evidence was competent as leading to an explanation of the act of purchase. [24 Pick. 242.]

EDWARDS, *contra*, argued that the offer was *too indefinite* for the court to act upon; it should have been shown what the declarations were, as otherwise the court will presume no injury was done. [1 Ala. Rep. N. S. 583; 1 S. & P. 81; 2 Porter, 32; 7 Cranch, 262, 270; 1 Leigh, 218; 3 Cowen & Hill's notes, 790.]

GOLDTHWAITE, J.—The rejected evidence was offered for the purpose of showing that Parkman bought the slave for Tredwell. It was requisite for the plaintiff to show further, that the effect of the purchase was to vest the title in him so as to be the subject of sale under this execution; but this could not be done until after it was ascertained that the purchase was made in the manner offered to be shown. It seems to us that the conversations had between Parkman and Tredwell previous to the sale, were competent evidence to ascertain the intention and object of the purchase by the former; and in this view, the evidence should have been admitted. Whether it would have been sufficient for the purpose, after the declarations were before the jury, is a matter which could not be known when they were rejected. It is not seriously mooted by the counsel for the defendant in error, that such evidence was competent; but the objection now urged against it is, that the court should, at the time, have been informed what the declarations were which the plaintiff proposed

to give evidence of. It is possible that the party may not have known the precise extent of the evidence which he expected to derive from the witness; but he certainly had a right to ask what was said respecting the contemplated sale, and whether Parkman admitted that he had received funds from Tredwell for the purpose of purchasing the slave. We only state this as illustrative to show that the party has the right to examine the witness, although he may not be able to state what the witness will answer. He offers a witness with the object in view of obtaining evidence of a particular kind; and this is all that is necessary to be stated previous to the examination.

We think there was error in rejecting the evidence offered; and for that, the judgment is reversed, and the cause remanded.